Frances KUETZ, Plaintiff,

v.

Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Defendant.

No. 2610.

United States District Court
N. D. Indiana,
South Bend Division.

July 25, 1960.

M. B. Meyer, Michigan City, Ind., for plaintiff.

Philip C. Potts, Asst. U. S. Atty., South Bend, Ind., for defendant.

GRANT, District Judge.

This action is brought by the plaintiff under 42 U.S.C.A. § 405(g) to review the decision of the Appeals Council affirming the referee's denial of social security benefits to the plaintiff as the widow of George Kurtz. The matter is before the Court on a Motion for Summary Judgment filed by the plaintiff.

A brief statement of the facts will be sufficient here inasmuch as there is little dispute in that regard.

Frances Kurtz, the plaintiff, married Otto Hofer on May 10, 1914, and continued to live with him in Roseland, Illinois, a suburb of Chicago, until 1924, at which time they separated and she began working in Michigan City, Indiana. It was at this time that she met George Kurtz, a widower, with whom she rented an apartment in 1925 and began living, and continued living with him until George Kurtz' death in 1952. This relationship was never solemnized by a ceremonial marriage between the plaintiff and George Kurtz.

The evidence showed that in 1924 Mr. Hofer wrote to the plaintiff stating that he was obtaining a divorce from her through one Joseph Garetto of Roseland. Evidence was introduced to show that Mr. Hofer paid $125 to Garetto for that purpose; that Hofer signed an "application or petition for divorce"; that Garetto subsequently told Hofer that the divorce was a matter of record and that about one year later he gave to Hofer his divorce papers, which papers have since been mislaid or misplaced. Further, corroborative evidence was introduced by way of affidavits of Hofer's second wife, Lena, and Garetto's widow, Joanna, (Garetto died in 1936) and daughter, Catherine, of the discussions leading up to the divorce and request for duplicate divorce papers by Hofer. The evidence also showed that in April 1936 or 1937 Hofer told plaintiff's brother that he had obtained a divorce and had remarried.

The defendant introduced into evidence various reports of investigators, in which it is asserted that no record of a divorce proceeding or decree could be found in the various Chicago courts for the period during which the divorce is asserted to have taken place. It is the defendant's position that such evidence overcomes the well established presumption of validity given to a second marriage and that such evidence proves that the plaintiff had a living husband during

·her entire relationship with George ·Kurtz, and consequently had a legal impediment to the contraction of a valid common law marriage between herself and George Kurtz.

It is this Court's judgment that the findings of the Secretary in this regard are not supported by substantial evidence. The mere inability to locate a record of the divorce in the courts of Cook County, Illinois, from 1924 through 1937, as well as the courts of Chicago Heights and Calumet City, Illinois, for an undesignated period is not sufficient to overcome the combined probative value of the strong presumption of the validity of a second marriage and the evidence introduced in this case establishing that a divorce was obtained. There are too many other county courts of general jurisdiction surrounding Cook County, Illinois, from any of which the divorce might have been obtaind on a change of venue. The mere absence of a record of divorce may be due to either insufficient or careless investigation, clerical error of omission in the records of the court involved, or any number of things. A claim for Social Security Benefits made by a surviving widow cannot be denied on the basis of such uncertain and inconclusive evidence.

It must also be borne in mind that the plaintiff here is a woman of rather limited education, having only obtained a second grade education. To expect her to have confirmed what had been told her by Otto Hofer (in letter and through ·her brother) by requesting proof or hiring an attorney to verify Otto Hofer's assurance that he had obtained a divorce from the plaintiff, would be to exact a degree of diligence far in excess of that which is common in daily life. It is, therefore, this Court's judgment that Frances Kurtz is entitled to widow's insurance benefits under the Act.

It Is Therefore Ordered that the plaintiff's Motion for Summary Judgment be and is, hereby, granted; that the decision of the Secretary of Health, Education and Welfare be, and is, hereby, reversed, and that this cause be, and is, hereby, remanded to the Secretary for the purpose of determination of the amount of benefits to which Frances Kurtz is entitled.